IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALNORAINDUS BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-08443 |
| ) | |
| DR. PARTHA GHOSH and WEXFORD ) | Hon. Judge Andrea R. Wood |
| HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Alnoraindus Burton ("Plaintiff") respectfully submits this Response to the Motion to Dismiss filed by Defendants Parthasarathi Ghosh and Wexford Health Sources, Inc. ("Defendants") on February 2, 2018, which asks the Court to dismiss Plaintiff's case as res judicata based on the timing of refiling after voluntary dismissal *more than five years ago.* From the outset of this case, counsel for Defendants knew or should have known about Plaintiff's prior case. To the extent that Defendants wished to raise a res judicata affirmative defense, they needed to raise it in 2012, not now, after the parties have completed fact discovery, expert discovery, depositions, and days before the summary judgment deadline. Defendants' Motion should be denied.

**BACKGROUND**

On February 17, 2011, Plaintiff filed a pro se complaint related to his lack of medical treatment against physicians at both Pontiac and Stateville correctional facilities (N.D. Ill. Case No. 11-cv-01130, Dkt. 1). Judge Gettleman ruled that Plaintiff's treatment at Pontiac occurred in the Central District of Illinois while his treatment at Stateville occurred in the Northern District, and he therefore ordered Plaintiff to file a complaint against Dr. Ghosh separate from his complaint against Pontiac physicians. (Dkt. 7) Plaintiff re-filed his complaint against Dr. Ghosh (Dkt. 9).

After first appointed counsel withdrew, Joshua Grenard was appointed and filed his appearance on behalf of Plaintiff, and successfully sought leave to file an amended complaint (Dkts. 18, 21). Case No. 11-cv-01130 was voluntarily dismissed on June 5, 2012.

On October 19, 2012, through Mr. Grenard, Plaintiff filed his complaint against Defendants in this case. The Defendants filed their Answers on May 14, 2013; neither Ghosh nor Wexford included res judicata in their affirmative defenses. (Case No. 12-08443, Dkts. 13, 14) In the five-plus years that followed, the Parties engaged in fact discovery, including document productions, depositions, and expert discovery, including the preparation and review of expert reports and the deposition of both parties' experts. At the close of discovery, Defendants asked for an extension to file for summary judgment. (Dkt. 108). The Court granted the motion and set a briefing schedule for summary judgment (Dkt. 110). The very next day, however, instead of filing for summary judgment, Defendants filed this motion to dismiss on grounds of the affirmative defense of res judicata.

According to Defendants, none of Ghosh, Wexford, nor prior defense counsel had any notification that Mr. Burton had previously filed claims against Ghosh. But in the brief time since Defendants filed their motion to dismiss, Plaintiff's counsel has been able to identify at least two references **on the record** of this case to Plaintiff's previous matter, to say nothing of any informal or non-filed communication that may have taken place in the past five years.

*First*, On January 28, 2015, former defense counsel Patrick Halliday deposed Plaintiff at Pontiac. In one line of questioning, Mr. Halliday asked Plaintiff to explain his transfer from Pontiac to Stateville, because while he was injured at Pontiac, Mr. Burton's claims relate to his treatment by Dr. Ghosh at the latter facility. This colloquy followed:

> [MR. HALLIDAY:] Your claim according to your complaint against Dr. Ghosh and his employer, and the reason I ask that is because you don't have any complaint

at least as we sit here today for this purpose against Dr. Mahone or any other doctors here at Pontiac, is that fair?

MR. GRENARD: I'll object to that question.

THE WITNESS: I filed a complaint against the medical facility here at Pontiac, but I was told by the court that it was two different jurisdictions, the Central District and the Northern District. So, at that time, the statute of limitations was about to run out, when I originally found the name of Ghosh and all them and Mahone and these people here.

BY MR. HALLIDAY: Q. Did you file a separate complaint against Dr. Mahone at Pontiac?

**A. I filed one big complaint, putting them all in the complaint.**

Q. Okay.

**A. Because it started here, and I was denied medical treatment here. Then I was transferred, and I was denied medical treatment there. So, I thought it, you know --**

Q. Okay. Because the only complaint I have right now naming Dr. Ghosh and -- names Dr. Ghosh and Wexford Health Sources, the employer. That's the only thing I'm trying to address here today. That's what I'm trying to get to, okay?

Ex. A (Burton Dep. Tr.) at 19:10–20:18. In short: (1) defense counsel asked whether Plaintiff had filed claims against his physicians at Pontiac in addition to Dr. Ghosh; (2) Plaintiff correctly noted that the court asked him to separate his claims against the Pontiac physicians and Dr. Ghosh; (3) Plaintiff explicitly stated that he put "them all" (Dr. Ghosh and the Pontiac physicians) in a complaint and explained his reasoning; and (4) Mr. Halliday cut off Mr. Burton and stated that he was only trying to address the claims against Dr. Ghosh.

***Second***, on June 12, 2017, Plaintiff's counsel filed a motion to substitute counsel, withdrawing Mr. Grenard. (Dkt. 80). The motion, in its first paragraph, explicitly cites Mr. Grenard's appointment *in the prior case*: "Joshua Grenard was appointed by the Court to serve as *pro bono* counsel to Plaintiff. [Case No. 11-cv-01130, Dkt. 16]".

3

Defendants first raised their affirmative defense of res judicata in the instant motion to dismiss on February 2, 2018.[1]

## STANDARD

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including[] res judicata." Fed. R. Civ. P. 8(c). In the Seventh Circuit, "*[r]es judicata* is an affirmative defense which, unless raised by the defendant in his answer, is considered waived." *Marcus v. Sullivan*, 926 F.2d 604, 615 (7th Cir. 1991). "[O]nce the availability of an affirmative defense is reasonably apparent, the defendant must notify the court and the plaintiff of his intent to pursue that defense." *Sterling v. Riddle*, 2000 WL 198440, at *4 (N.D. Ill. Feb. 11, 2000).

## ARGUMENT

Defendants' Motion fails to cite Fed. R. Civ. P. 8(c) or any controlling Seventh Circuit law on the timing of affirmative defenses, nor could they to support their Motion: the law is clear that Defendants have waived their res judicata defense by failing to raise it in their answer or at the earliest reasonable opportunity. "Federal Rule of Civil Procedure 8(c) requires a defendant to plead [any] affirmative defense in his answer to the complaint." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997).

As an initial matter, Defendants' motion provides an inadequate basis to dismiss this case, as it is predicated on the claim that none of Ghosh, Wexford, nor any previous defense counsel were aware of Mr. Burton's prior suit against Ghosh and the Pontiac physicians. The motion merely states that the summons in the previous case were returned unexecuted and that the

---

[1] Although not raised by Defendants' Motion, it is worth noting that Defendants cannot argue that Plaintiff's recent amended complaint waived Defendants' waiver of this res judicata defense: the unopposed amendment did not add anything to the original complaint that has any bearing on Defendants' untimely res judicata defense.

4

complaint in this case did not refer to the earlier suit; the motion says nothing about what knowledge Ghosh, Wexford, Mr. Halliday or other counsel may have had regarding the earlier suit or what they could easily have learned about Plaintiff's prior cases involving Ghosh with a quick PACER search.

Even if one accepts the claim that none of Defendants or their counsel were aware of the previous suit at the outset, the latest they had *actual* notice was at Plaintiff's deposition over three years ago. As the excerpt in the background section shows, Mr. Burton explicitly told Mr. Halliday that he had previously filed a complaint against Dr. Ghosh and the physicians at Pontiac. Mr. Burton's reference to "one big complaint" including Ghosh and other doctors would have put any reasonable attorney on notice that another case involving related claims existed. Mr. Halliday was evidently already aware of the prior related case when he interrupted Mr. Burton to insist that he was only asking about the current case against Dr. Ghosh and Wexford.

Beyond the discussion in deposition and the easy option of researching Plaintiffs' prior cases against Ghosh and/or Wexford, Defendants received a citation to the prior case when Plaintiff filed his motion to substitute counsel last June. (Dkt. 80) The motion unambiguously linked Mr. Grenard's appointment to his work on the prior related matter, Case No. 11-cv-01130. But Defendants still did not raise their res judicata defense for nearly another seven months, in the meantime allowing both Parties to expend significant time and resources completing expert reports and depositions. This delay alone should bar the application of res judicata, the purpose of which "is to avoid surprise and prejudice to the plaintiff by providing him notice and the opportunity to demonstrate why the defense should not prevail." *Sterling v. Riddle*, 2000 WL 198440, at *4 (N.D. Ill. Feb. 11, 2000). Defendants' motion both surprises and prejudices Plaintiff, who has litigated this case for over five years with no mention from Defendants of res judicata.

5

The caselaw supporting a denial of Defendants' motion is substantial. *See Talton v. Unisource Network Servs., Inc.*, 2004 WL 3119007, at *3 (N.D. Ill. Dec. 21, 2004) (denying defendants' motion to add affirmative defenses when "proposed amendment would subject Plaintiff to undue prejudice."). *Talton* lists other cases reaching similar conclusions:

> *See, e.g., Cont'l Bank,[N.A. v. Meyer],* 10 F.3d [1293,] 1298 [(7th Cir. 1993)] (holding that an amendment was properly denied where facts underlying the amendment were known for two years prior to the amendment and the amendment would result in additional discovery); *Sterling v. Riddle,* [] 2000 WL 198440, at *4–5 (N.D. Ill. Feb. 11, 2000)[] (finding *res judicata* defense waived where it was not mentioned in answer, defendant did not raise it until after close of discovery, and the availability of the defense was long apparent); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.,* [] 1993 WL 313049 (N.D. Ill. Aug. 13, 1993) [] (denying motion to amend answer to include *res judicata* defense on eve of summary judgment, with motion offered almost two years after filing of initial answer, where defendant knew or should have known of basis for alleged *res judicata* defense earlier).

*Talton*, 2004 WL 3119007, at *3.

Defendants' Motion is predicated also on the idea that Mr. Halliday had no duty of diligence to discover affirmative defenses on behalf of his client—when Defendants' current counsel admits that he came across the previous case doing his own research. The motion identifies no new method or ability for searching prior cases that was unavailable to Mr. Halliday; the previous case has always been an open matter of public record. Defendants' failure to research their case—assuming that Mr. Halliday was not aware of it from the onset—should not prejudice Mr. Burton.

Plaintiff also notes Defendants have included no affidavits from Ghosh, a representative of Wexford, or Mr. Halliday to support their contention of ignorance: that at no point until February 2018 were any of them aware of Mr. Burton's previous filing. Ignoring Plaintiff's other arguments, dismissal of this case would not be appropriate until the Parties have the opportunity to perform discovery as to any knowledge Defendants or their counsel may have had regarding the previous

suit, including any tolling agreements that may have existed between them. Without discovery of Mr. Halliday, it is entirely possible that he was aware of the potential defense, but chose not to raise it, because it would have been unpersuasive even if raised years ago. Furthermore, the fact that such discovery would have to occur supports denying the Motion. *See Talton*, 2004 WL 3119007, at *3 ("[W]here amendment of an answer would prompt the plaintiff to reasonably undergo additional discovery and[] would expose plaintiff to yet *another* round of pretrial dispositive motion practice—precedent instructs that a district court may fairly conclude that the prejudice is undue.").

Finally, even if Defendants had timely raised res judicata, the defense fails on the merits. Plaintiff's previous case was never litigated on the merits; by Defendants' own admission, neither Dr. Ghosh nor Wexford were ever haled into Court. Application of res judicata, therefore, would fail to support the doctrine's goals. *See United States ex rel. Lisitza v. Par Pharm. Cos., Inc.*, 62 F. Supp. 3d 743, 754 (N.D. Ill. 2014) ("Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly.") (citation omitted). Res judicata is not properly applied in a case which was voluntarily dismissed, always with the intent to refile, where Defendants never appeared in Court, and which was never addressed on the merits.[2]

In sum, applying the clear and firm law on affirmative defenses to the simple facts that Plaintiff made explicit reference to his prior cases in 2015, the prior case was cited in a pleading

---

[2] Although Defendants' waiver of a res judicata defense is clear, to the extent that the Court opts to reach the merits and finds that the dismissal without prejudice did convert, the Court is empowered to grant relief from judgment in 11-cv-01130 under Fed. R. Civ. P. 60(b)(6), as would be in the interests of justice given the long delay in raising the defense and the time spent litigating this case in the intervening years.

before expert discovery, as well as Defendants' apparent failure to investigate prior related cases in the public record, it is clear that Defendants long ago waived this res judicata defense.

## CONCLUSION

To dismiss the suit against Mr. Burton at this stage would not only be contrary to law, but would perform a great injustice against Mr. Burton, who has diligently pursued these claims for years while incarcerated. The Court should deny Defendants' untimely motion to dismiss, which rests entirely upon a waived defense of res judicata.

Dated: February 14, 2018    Respectfully submitted,

/s/ William C. O'Hara
David J. Zott, P.C.
Howard M. Kaplan
William C. O'Hara
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Plaintiff Alnoraindus Burton*

8

## **CERTIFICATE OF SERVICE**

I, hereby certify that on February 14, 2018, a true and correct copy of the foregoing document, **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**, was electronically filed with the Court using the CM/ECF system. All counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. All documents required to be served by Fed.R.Civ.P. 5(a) have been served.

/s/ William C. O'Hara
William C. O'Hara