IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALNORAINDUS BURTON, | ) |
| Plaintiff, | ) |
| | ) No. 12-cv-08443 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| DR. PARTHA GHOSH, et al., | ) |
| Defendants. | ) |

## ORDER

Defendants' motion to dismiss for failure to state a claim [111] is granted. Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendants. Civil case terminated. See the accompanying Statement for details.

## STATEMENT

Plaintiff Alnoraindus Burton, an inmate in the custody of the Illinois Department of Corrections, has brought claims under 42 U.S.C. § 1983 against Dr. Partha Ghosh and Wexford Health Sources, Inc. ("Wexford," and collectively with Ghosh, "Defendants"), alleging that they were deliberately indifferent to his serious medical needs and retaliated against him for complaining about the conditions in his medical holding cell. Before the Court is Defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 111), in which Defendants contend that this action should be dismissed based on the doctrine of *res judicata*.

I.   **Background Facts**

  A.   **The Present Action**

For the purposes of Defendants' motion, the Court accepts all well-pleaded facts in the amended complaint as true and views the facts in the light most favorable to Burton, the non-moving party. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

In his amended complaint, Burton alleges that while he was incarcerated at Stateville Correctional Center ("Stateville"), Dr. Ghosh and Wexford failed to provide him with adequate medical treatment for a knee injury he sustained during a prior incarceration at Pontiac Correctional Center ("Pontiac"). (Am. Comp. ¶¶ 6–12, Dkt. No. 107.) According to Burton, physicians at Stateville knew about his knee injury upon his arrival there in November 2009, yet he did not receive surgery until nearly a year later, in October 2010. (*Id*. ¶ 13.) Burton was discharged from the hospital the evening after his surgery and placed in Stateville's Health Care

Unit ("HCU"). (*Id.* ¶ 14). Burton's cell in the HCU was unsanitary; the cell was "covered" with the previous tenant's urine, it was infested with roaches and gnats, and the bed-sheets were dirty. (*Id.* ¶ 16.) After entering the cell and observing the unsanitary conditions, Burton requested to be transferred to a clean unit. (*Id.* ¶ 17).

The next day, Burton again requested that he be transferred and, in response, Dr. Ghosh told Burton he was being immediately released from the HCU and placed back in the general population at Stateville. (*Id.* ¶ 19.) After Burton returned to the general population, he did not receive his pain medication or physical therapy—both of which were recommended by the doctor who performed his surgery. (*Id.* ¶¶ 20–21, 24.) Burton continuously asked medical professionals at Stateville for his pain medication and explained he was in extreme pain, yet he never received his pain medication or physical therapy. (*Id.* ¶¶ 26–28.) Burton further alleges that Dr. Ghosh denied him pain medication and physical therapy in retaliation for Burton's grievances concerning the unhealthy conditions of his HCU cell. (*Id.* ¶ 44.) As a result of this inadequate medical treatment, Burton suffered and continues to suffer from a chronic knee injury and has lost his ability to engage in meaningful physical activity, sleep, or generally function properly. (*Id.* ¶¶ 41, 46.)

### B. The Prior Action

Prior to the present case, in 2011, Burton brought a claim against Dr. Ghosh and medical professionals from Pontiac in *Burton v. Ghosh*, No. 11-cv-01130 (N.D. Ill.). (Mot. to Dismiss, Ex A, Dkt. No. 111-1.) That action alleged the same claims and was based on the same facts as here. Judge Robert Gettleman presided over the previous proceeding. After determining that the medical professionals from Pontiac were misjoined and not subject to suit in the Northern District of Illinois, Judge Gettleman directed Burton to amend his complaint. (*Burton v. Ghosh*, No. 11-cv-1130, Dkt. No. 7.) In his amended the complaint, Burton named Dr. Ghosh as the sole defendant. (Mot. to Dismiss, Ex. B, Dkt. No. 111-2.) However, the summons issued to Dr. Ghosh was returned unexecuted. (*Id.*, Ex. E, Dkt. No. 111-5.) In January 2012, Burton was granted leave to amend his complaint, but he never did so. In June 2012, Burton voluntarily dismissed the suit under Federal Rule of Civil Procedure 41(a)(2). (*Id.*, Ex G, Dkt. No. 111-7.) Judge Gettleman's order stated that the case was dismissed without prejudice but if the case was not reinstated on or before August 6, 2012, "a dismissal with prejudice will become final." (*Id.*)[1] Burton did not reinstate the claim. But he did subsequently file the present suit on October 19, 2012.

---

[1] The minute entry associated with this dismissal suggests that the order was entered in conjunction with a settlement, as the dismissal was initially "by agreement" and "without prejudice" while "the Court retain[ed] jurisdiction to enforce the settlement." (Mot. to Dismiss, Ex. G, Dkt. No. 111-7.) However, current counsel in the present case (none of whom were involved in the prior case) were unfamiliar with the circumstances of the dismissal and unable to confirm whether a settlement was in fact reached or consummated. Although the existence of a "settlement" might call into question Dr. Ghosh's claim that he was unaware of the earlier lawsuit prior to the filing of the amended complaint here, Burton has made no such argument here and thus it is waived. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (holding that the plaintiff waived his right to make a claim when he "did not present legal arguments or cite relevant authority to substantiate [a] claim in responding to defendants' motion to dismiss").

Defendants here claim that they did not know about the prior suit until they began to prepare a responsive pleading to the amended complaint in this case. Prior to that point, Burton had testified in his deposition that he previously filed a claim against medical professionals at Pontiac. Burton was asked if he filed a complaint against any other doctors, and he responded that he filed "one big complaint." (Reply, Ex H. at 20:4–5, Dkt. No. 115-1.) But Burton did not testify that he had previously filed a complaint against Dr. Ghosh. (*Id.*) Further, in a motion to withdraw appointed counsel, Burton mentioned the prior lawsuit but only provided a court and docket number. (Reply at 6, Dkt. No. 115) Defendants contend that citation was ambiguous and did not provide notice of the prior suit. It was only while reviewing the casefile to prepare a responsive pleading to the amended complaint that Defendants' counsel noticed that Burton's counsel filed the original complaint, which is unusual for a § 1983 claim by an inmate. (*Id.*) This observation led Defendants' counsel to search prior lawsuits filed by Burton and to find *Burton v. Ghosh*, No. 11-cv-1130. (*Id.* at 6–7.) Upon discovering the previous suit, Defendants filed this motion to dismiss.

II.     Discussion

Defendants contend that under the doctrine of *res judicata*, Burton's claims against Dr. Ghosh cannot go forward because Burton previously brought the same claims in *Burton v. Ghosh*, 11-cv-01130. The doctrine of *res judicata* is an affirmative defense that precludes parties from relitigating issues that were or could have been raised in a previous case where there was a final judgment on the merits. *Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015). Federal courts analyze three elements when considering a *res judicata* claim: (1) whether there is an identity of parties; (2) the existence of a final judgment on the merits; and (3) whether is an identity of the cause of action (as determined by comparing the operative facts of the two suits). *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). Burton does not and cannot contend that the parties or the cause of action differs in the two suits. In *Burton v. Ghosh*, 11-cv-01130, Burton sued Dr. Ghosh under the same underlying facts for the same injury as in this case. However, Burton contends that the previous case was not decided on the merits because Dr. Ghosh and Wexford were never haled into court.

For purposes of *res judicata*, a "dismissal 'with prejudice' is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action." *Am. Needle & Novelty Co. v. Schuessler Knitting Mills, Inc.*, 379 F.2d 376, 378 (7th Cir. 1967). *Burton v. Ghosh*, 11-cv-01130, was decided on the merits because, pursuant to Judge Gettleman's Rule 41(a)(2) dismissal order, if the case was not reinstated before the specified date, "the dismissal with prejudice [would] become final." (Mot. to Dismiss, Ex G.) Because Burton did not reinstate the claim in a timely matter, the dismissal order is a final judgment on the merits and the present case is barred by *res judicata*. *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994) (declaring that dismissal with prejudice under Rule 41(a)(2) "has the same effect as an adverse judgment on the merits").

Burton argues that because Defendants raised this defense for the first time five years after the present suit was initiated (after all discovery had been completed and on the eve of summary judgment briefing), Defendants have waived their right to claim *res judicata*.

3

Generally, if a party fails to raise an affirmative defense in a "timely fashion," it has waived its right to bring that defense. *Marcus v. Sullivan*, 926 F.2d 604, 615–16 (7th Cir. 1991) (holding that the defendant waived his ability to raise a *res judicata* defense when he did not include it in his answer or object when the previous case first came to his attention). However, when the plaintiff files an amended complaint, that complaint "supersedes all previous complaints [and] opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (allowing an affirmative defense in response to an amended complaint, even though the defense was available from the commencement of the suit). In *Massey*, the Seventh Circuit reasoned that it would be unfair to allow a plaintiff to "change [its] theory of the case while simultaneously locking defendants into their original pleading." *Id*. Thus, Defendants can assert an affirmative defense of *res judicata* in response to Burton's amended complaint.

Defendants also seek dismissal of Burton's claims against Wexford, arguing that if the suit against Dr. Ghosh is dismissed, then the claims against Wexford must also be dismissed because Burton has not established and cannot prove an underlying constitutional violation by Dr. Ghosh. Burton does not address Defendants' argument concerning the Wexford claim in his response to Defendants' motion to dismiss, and thus he has waived any defense to that argument. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). In any case, Burton's amended complaint does not appear to set forth a *Monell* claim against Wexford, which is the only way that Wexford could be held liable for its employee's acts. *See Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014) ("[Wexford] cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Respondeat superior* liability does not apply to private corporations under § 1983."). Thus, Wexford must be dismissed for this reason as well.

For the aforementioned reasons, Defendants' motion to dismiss is granted and Burton's claims against Dr. Ghosh and Wexford are dismissed with prejudice.[2]

Dated: August 14, 2018

Andrea R. Wood
United States District Judge

---

[2] Notwithstanding the outcome, this Court would like to acknowledge the efforts of Burton's current *pro bono* counsel (David J. Zott, Howard Kaplan, and William O'Hara of Kirkland & Ellis, LLP). The progress of this case was delayed first due to a personal crisis that befell the originally-assigned attorney, and then again when that attorney left his prior firm to take employment at Kirkland & Ellis. The original attorney eventually took a long-term leave from Kirkland & Ellis that prevented him from continuing the representation. Current counsel picked up the reigns, even though the original assignment was made to another attorney and law firm. The Court appreciates the commitment to this District's *pro bono* program shown by Messrs. Zott, Kaplan, and O'Hara.